**JS-6**

cc: order, docket, remand letter to
Riverside County Superior Court, No. RIC 10024647

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SMITH, et al., | Case No. 5:12-cv-216-ODW(SPx) |
| Plaintiffs, | |
| v. | **REMAND ORDER** |
| RIVERSIDE COMMUNITY HOSPITAL, et al., | |
| Defendants. | |

The Court is in receipt of the notice of removal filed by Defendants Mylan Inc., Mylan Pharmaceuticals Inc., Mylan Technologies Inc., and Mylan Institutional Inc. ("Mylan defendants"). Having carefully considered the papers filed in conjunction with the notice, however, the Court determines that it lacks subject matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Riverside County Superior Court.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Here, Mylan claims the Court has subject matter jurisdiction over this suit under diversity jurisdiction because there is complete diversity among the parties and the amount in controversy exceeds $75,000. (Notice of Removal ¶¶ 16–23.) Though this may be correct, Mylan overlooked the temporal requirements for removal.

The removal statute states in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). The exception that a case may not be removed on diversity jurisdiction more than 1 year after commencement applies solely to cases described in this paragraph—i.e., cases that are not removable on the face of the original complaint. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998).

In this case, the initial complaint was filed in Riverside County Superior Court on December 22, 2010. (Reefer Decl., Ex. UU, Shin Decl., Ex. C (Complaint).) At the onset, the case was not removable. No federal question was presented and there was no diversity of citizenship among the parties. (*Id.*) According to Mylan, "the last remaining non-diverse defendant was dismissed from this action within thirty (30) days of the filing of this Notice of Removal." (Notice of Removal ¶ 14.) Mylan's notice of removal was filed with the Court on February 9, 2012. But because the case

as filed was not removable, Mylan was required to remove within 1 year of the commencement of the action, i.e., December 22, 2010. 28 U.S.C. § 1446(b). Mylan exceeded this temporal boundary and therefore, removal is improper.

This case has one wrinkle that is worth noting but does not alter the analysis. Mylan was not named as a defendant nor served until October 24, 2011. (Reefer Decl., Ex. YYYY.) Mylan may argue that the 1 year limitation should start from October 24, 2011 because they were not a party in the action until then. The Court finds no authority standing for this proposition. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996) ("No case, however, may be removed from state to federal court based on diversity of citizenship more than 1 year after commencement of the action.").

Further, case law disregards the service of a defendant in the calculus of removal jurisdiction. In *Vitek*, a single, unserved, non-diverse defendant prevented removal by the other defendants that were otherwise diverse from the plaintiff. *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969). The Ninth Circuit reasoned that for removal jurisdiction based upon diversity, "the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Id.* at 1175–76. The fact that the *Vitek* defendant was not served and made no appearance did not allow the other diverse defendants, that were served, to remove the case to federal court.

Following that reasoning, it is appropriate to require a diverse defendant, who was served after other non-diverse defendants, to adhere to the same guideline. That is, the existence of diversity is determined from the fact of citizenship of the parties named in the original complaint. If the case cannot be removed on diversity grounds, as determined from the initial complaint, then the 1 year clock starts. It matters not that later on, a diverse defendant appears in the case and desires to remove to federal court. The diverse defendant is bound by the original complaint and the other non-diverse defendants, even under the circumstances in the instant case where the Mylan

3

defendants are now the only parties left in the case, at a time less than 1 year from when they were served, but greater than 1 year from when the case commenced.

Accordingly, the Court **REMANDS** the case to Riverside County Superior Court for lack of subject matter jurisdiction. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

May 3, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**